UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| MARQUAN L. WILSON, ) <br> a/k/a MARQUAWN L. WILSON ) <br> ) <br>     Petitioner, ) <br> ) <br> V. ) <br> ) <br> J. C. HOLLAND, Warden of USP- ) <br> McCreary, ) <br> ) <br>     Respondent. ) | Civil Action No. 6: 13-164-DCR <br><br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Marquan L. Wilson, a/k/a Marquawn L. Wilson,[1] is presently confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky ("USP-McCreary"). Proceeding without an attorney, Wilson has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the imposition of an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(c)(1)(A). Because a § 2241 petition is not the proper vehicle for obtaining the relief sought, the petition will be denied.

---

1      Wilson's underlying criminal conviction in the Western District of Missouri reflects that he is known as "Marquan L. Wilson" and also as "Marquawn L. Wilson." *See United States v. Marquan L. Wilson, a/k/a Marquawn L. Wilson*, Criminal Action No. 4: 07-287-ODS-1 (W.D. Mo. Jul. 31, 2007). The Clerk of the Court will be directed to amend the CM/ECF docket sheet to reflect that Wilson is also known as "Marquawn L. Wilson." Further, J. C. Holland, Warden of USP-McCreary, will be substituted for Shannon Withers, Acting Warden of USP-McCreary.

**I.**

On August 8, 2007, Wilson was charged in a one-count indictment with being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [*See United States v. Marquan L. Wilson, a/k/a Marquawn L. Wilson*, Criminal Action No. 4: 07-287-ODS-1 (W.D. Mo. Jul. 31, 2007), Record Nos. 12, 13.] Although he initially pleaded not guilty to the charge, Wilson ultimately entered a guilty plea. [*Id.* at Record No. 28] At sentencing, the court determined that, because Wilson had three prior violent felony convictions, he was subject to the terms of the ACCA. He was subsequently sentenced to an enhanced penalty of a 180-month term of imprisonment (the mandatory minimum sentence under the ACCA), followed by a four-year term of supervised release. [*Id.* at Record No. 43] The Eighth Circuit affirmed Wilson's sentence on direct appeal, finding that the district court did not err in applying a sentence enhancement under the ACCA.[2] [*See United States v. Marquan L. Wilson*, No. 08-3514 (8th Cir. June 17, 2009); *see also Wilson,* Criminal Action No. 4: 07-287-ODS-1, Record Nos 52.]

On May 14, 2010, Wilson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [*Wilson,* Criminal Action No. 4: 07-287-ODS-1, Record No. 56] Specifically, he argued that: (i) he did not have the required number of prior convictions to trigger an enhanced sentence under § 924(e); (ii) there was insufficient evidence to sustain

---

2   Wilson asserted that one of his prior felony convictions (i.e., a state court conviction in Missouri for child abuse) did not qualify as a violent felony under 18 U.S.C. § 924(e)(2)(B). The Eighth Circuit found his argument to be without merit.

a conviction beyond a reasonable doubt; and (iii) he received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments. [*Id.*] On September 7, 2010, Wilson's § 2255 motion was denied and the district court declined to issue a certificate of appealability. [*Id.* at Record No. 57, 58] On August 29, 2013, Wilson filed his petition for habeas relief under § 2241. [Record No. 1]

**II.**

In conducting an initial review of habeas petitions pursuant to 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Wilson is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, Wilson's factual allegations are accepted as true and his legal claims are liberally construed in his favor.

In his current petition, Wilson reasserts his claim that the district court erred by determining that he had three predicate convictions necessary to increase his sentence under § 924(e). More specifically, he again argues that his Missouri conviction for child abuse does not qualify as a violent felony for the purposes of the ACCA. As a result, he contends that his mandatory minimum fifteen-year sentence is erroneous. Wilson maintains that two recent cases — *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013), and *Descamps*

*v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2013) — establish that his sentence is inappropriate. Thus, he claims that he is entitled to be re-sentenced.

In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not apply to findings of fact necessary for the imposition of statutory mandatory minimum sentences. *Alleyne*, 133 S. Ct. at 2163. Instead, the Court concluded that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155.

In *Descamps*, the Supreme Court examined whether a state-law burglary conviction was a "violent felony" within the meaning of the ACCA. *Descamps*, 133 S. Ct. at 2282. The Court held that when determining whether a prior conviction qualifies as a predicate offense under the ACCA, sentencing courts may not apply the "modified categorical approach"[3] when the crime of which the defendant was convicted has a single, indivisible set of elements. *Id.* at 2282-83 (describing the differences of the "categorical approach" and the

---

3   The *Descamps* Court explained that the "modified categorical approach" is applied when a prior conviction is for violating a "divisible statute." *Id.* at 2281. A "divisible statute" is the

> kind of statute [that] sets out one or more elements of the offense in the alternative — for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Id.*

"modified categorical approach"). The *Decamps* Court clarified that a sentencing court "may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." 133 S.Ct. at 2293.

As noted above, Wilson contends that based on the holdings in *Alleyne* and *Decamps*, his ACCA-enhanced sentence violates his constitutional rights and that, because he does not qualify as an Armed Career Criminal, his fifteen year sentence is in error. He seeks to be resentenced without the ACCA enhancement. [Record No. 1, pp. 4-5] However, § 2241 is not the proper mechanism for making this claim.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the Bureau of Prisons' calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners

seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Although not explicitly stated, Wilson seemingly argues that his previous § 2255 motion was inadequate or ineffective because *Alleyne*, decided after his § 2255 motion was denied, established a "constitutional right to have all elements of the offense charged in the indictment and proven beyond a reasonable doubt to the jury." He also relies on *Decamps* to support his claim that the district court employed an invalidated procedure when finding that he qualified for an ACCA-enhanced sentence. [*See* Record No. 1-1, pp. 10-16.]

However, there is no indication in either *Alleyne* or *Descamps* that the Supreme Court made those holdings retroactive to cases on collateral review, such as Wilson's. *See United States v. Potter*, No. 7:03-21-DCR, 2013 U.S. Dist. LEXIS 1072013, at *8-9 (E. D. Ky. July 31, 2013) (holding that *Alleyne* does not apply retroactively); *Luney v. Quintana*, No. 6:13-CV-03-DCR, 2013 U.S. Dist. LEXIS 100500, at *7-8 (E.D. Ky. July 18, 2013) (holding that *Alleyne* does not apply retroactively and does not provide a basis for relief under § 2241); *Carter v. Coakley*, No. 4:13 CV 1270, 2013 U.S. Dist. LEXIS 93547, at *8-9 (N.D. Ohio July 3, 2013) (holding that because *Alleyne* is a "sentencing-error case," it "does not decriminalize the acts which form the basis of Petitioner's conviction," and therefore may not serve as a basis for an actual innocence claim to fall within the scope § 2241); *Hoskins v. Coakley*, No. 4: 13 CV 1632, 2014 U.S. Dist. LEXIS 7671, at *8-14 (N.D. Ohio Jan. 22, 2014) (holding that *Descamps* does not apply retroactively and does not provide a basis for relief under § 2241).

Moreover, Wilson does not claim that he is actually innocent of the underlying firearms offense to which he pleaded guilty. In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 U.S. Dist. LEXIS 93547, at *8 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); *Hayes v. Holland*,

473 F. App'x 501, 502 (6th Cir. 2012) ("[The petitioner] does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."). Thus, because Wilson has failed to demonstrate that he is entitled to proceed under § 2241, his petition will be denied.

## III.

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court shall substitute J. C. Holland, Warden of USP-McCreary, for Shannon Withers, the former Acting Warden of USP-McCreary. Further, the Clerk of the Court shall modify the CM/ECF docket sheet to reflect that Wilson is also known as "Marquawn L. Wilson."

2. Petitioner Marquan L. Wilson's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent J.C. Holland, Warden of USP-McCreary.

This 10th day of February, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge